# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                  Case No.: 8:19-cr-404-WFJ-SPF

WIBER TENORIO-RODRIGUEZ

_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Wiber Tenorio-Rodriguez, USM#: 72646-018, moves (Dkt. 262) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On August 26, 2021, Wiber Tenorio-Rodriguez was sentenced to 136 months under 46 U.S.C. §§ 70503(a), 70506(a) and (b), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2 for one count of conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States and one count of aiding and abetting the possession with intent to distribute same. Dkt. 203. Wiber Tenorio-Rodriguez's total offense level was 35. Dkt. S-255 at 2–3; Dkt. S-200 at 7. He was assessed no criminal history points, and his criminal history was category I. Dkt. S-200 at 8. The offense carried a ten-year mandatory minimum sentence, and Defendant's advisory guideline range was 168 to 210 months. Dkt. S-200 ¶¶ 85,

86. The Court granted defense counsel's motion for variance, over objection, and varied downward based on his role in the offense, his history of poverty, lack of criminal history, and to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. Dkt. 202 at 2; Dkt. S-204 at 3, 7. The Court varied downward three levels (121-151 months) to a sentence in the middle of the range—136. The Bureau of Prisons online locator shows that his projected release is May 2, 2028.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that Wiber Tenorio-Rodriguez is eligible for a sentence reduction and a two-level decrease based on Amendment 821 reduces the offense level to 33 and the amended, advisory sentencing range to 135–168 months. Dkt. S-255 at 3. USPO recommends a 135-month sentence at the bottom of the amended guideline range. *Id.* at 3.

The Federal Defender appears, confirms Mr. Tenorio-Rodriguez's eligibility for a reduction, agrees with the USPO, and moves unopposed to reduce his

sentence to 135 months (a one-month reduction in sentence), which is the bottom of the amended guidelines range. Dkt. 262. In considering whether to grant a reduction, the Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a). For the following reasons, the Court finds those factors weigh against a reduction in sentence.

18 U.S.C. § 3553(a)(1) requires the sentence to reflect the nature and circumstances of the offense. Defendant was one of four crewmembers on the self-propelled semi-submersible ("SPSS") vessel interdicted by the Coast Guard about 140 nautical miles west of Colombia. Dkt. S-200 at 4–5. The offense involved "a pretty big bust" of cocaine and "made the national news" with a "video of the Coast Guard jumping on top of this submersible and taking these individuals out of it." Dkt. 254 at 8–9. After conducting a destructive search, the boarding team removed about 500 kilograms before the vessel was deemed unsafe to remove any more. Dkt. S-200 ¶¶ 11, 12. Before law enforcement sank the vessel, the boarding team observed contraband "stacked three bales high, six bales wide, and full to bow which was estimated to be 25 feet in length" and estimated to weigh "between 5,000 to 8,000 kilograms." *Id.*

The Federal Defender relies on Defendant's spotless disciplinary record while incarcerated and his completion of numerous educational and vocational training courses. Dkt. 262 at 3; Dkt. S-255 at 3. He also works in the kitchen and

held a professional license to be a boat chef at the time of arrest. *Id.*; Dkt. S-200 at 13. The Court finds that Defendant's post-sentencing conduct does not alter the weight of the factors discussed above in this vast drug smuggling venture carrying from five and one-half to over eight tons of cocaine. Defendant received the just and proper sentence in this case. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See* 18 U.S.C. § 3553(a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (*see id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. Additionally, Defendant is a Colombian citizen with an unresolved ICE detainer.

As noted by the Federal Defender, the Court must also consider the need to avoid unwarranted sentence disparities in reducing a sentence. *See* Dkt. 262 at 4. Mr. Tenorio-Rodriguez was sentenced last.[1] The captain received 168 months and the remaining crewmembers, who provided substantial assistance, each received one month less than Mr. Tenorio-Rodriguez. Mr. Tenorio-Rodriguez did not provide substantial assistance as did two of his co-defendants. Sentencing disparities are avoided by leaving the 136-month sentence unchanged. Granting a reduction for each of the four co-defendants in this case, as posed by the defense,

---

[1] Co-defendant Enrique Mantilla-Olaya, the captain of the vessel, was sentenced to 168 months. Co-defendant Fausto Hurtado-Candelo and co-defendant Ferando Tribino-Mina, the mechanic, were each granted a 5K1.1 for substantial assistance and each received 135 months.

would not avoid unwarranted sentence disparities.  Mr. Tenorio-Rodriguez would receive 135 months, which is the same sentence as the captain of the vessel after reduction.

Mr. Wiber Tenorio-Rodriguez's motion (Dkt. 262) for a reduction in sentence is **DENIED**.  His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on October 29, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE